## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE and RICHARD ROE<br><br>    Plaintiffs,<br><br>v.<br><br>UNIVERSITY OF MICHIGAN, and THE REGENTS OF THE UNIVERSITY OF MICHIGAN,<br><br>    Defendants. | Case No.: 3:20-cv-10629-VAR-EAS<br><br>Hon. Victoria A. Roberts<br>Hon. Elizabeth A. Stafford |

## STIPULATION AND ORDER
## <u>DISMISSING CLASS CLAIMS PURSUANT TO FRCP 41(a)</u>

Plaintiffs John Doe and Richard Roe ("Plaintiffs") and Defendants University of Michigan and the Regents of the University of Michigan (the "University") (together, "the Parties") hereby stipulate and agree, through counsel, as follows:

WHEREAS, Plaintiff John Doe filed a putative class action complaint against the University on March 9, 2020, to recover for damages arising from abuse by Dr. Robert Anderson;

WHEREAS, Plaintiffs amended their complaint on September 10, 2020, adding Plaintiff Richard Roe;

WHEREAS, Plaintiffs' complaint asserts claims on behalf of a putative class of all students who were seen by Dr. Anderson at the University of Michigan between 1968 and 2003 (hereinafter, "class claims");

WHEREAS, on May 26, 2020, the Court appointed E. Powell Miller, Annika K. Martin, and Joseph Sauder as Plaintiffs' interim class counsel;

WHEREAS, on June 24, 2020, the Court appointed Robert F. Riley of Riley & Hurley, P.C. as a facilitative mediator;

WHEREAS, on September 30, 2020, the University moved to dismiss Plaintiffs' complaint in its entirety;

WHEREAS, on October 2, 2020, the Court stayed all motion practice and directed all issues be raised with mediator Robert F. Riley;

WHEREAS, the Court's October 2, 2020 Order ordered the University to withdraw, without prejudice, its motion to dismiss;

WHEREAS, on November 15, 2020, and pursuant to the Court's October 2, 2020 Order, the University withdrew, without prejudice, its motion to dismiss Plaintiffs' complaint, while preserving all rights and defenses;

WHEREAS, working under the auspices of Mr. Riley, the Parties agreed to resolve Plaintiffs' claims on an individual, non-class basis, with no class relief or class release;

WHEREAS, Plaintiffs have not sought class certification, the Court has not certified a class, and class notice has not been issued;

WHEREAS, the Parties agree that the class claims should be dismissed from Plaintiffs' complaint to facilitate Plaintiffs' individual settlement;

WHEREAS, the Parties agree that dismissal of the class claims shall have no effect on Plaintiffs' individual claims in their complaint;

WHEREAS, the Parties agree that the dismissal of class claims shall be without prejudice to the rights of absent putative class members and shall not constitute a release of absent putative class members' claims;

WHEREAS, Rule 41(a)(1) of the Federal Rules of Civil Procedure provides in pertinent part that plaintiffs may, subject to Rule 23(e), dismiss their claims without court order by filing "a stipulation of dismissal signed by all parties who have appeared";

WHEREAS, Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that the Court may order dismissal "at the plaintiff's request . . . on terms that the court considers proper";

WHEREAS, Rule 23(e) of the Federal Rules of Civil Procedure provides that notice of voluntary dismissal to absent class members is required only where "a certified class . . . or a class proposed to be certified for purposes of settlement" is dismissed;

WHEREAS, the Parties are not settling a certified class or proposing to certify a class for purposes of settlement, and no putative class member's claims are being released;

WHEREAS, the Parties agree that Class Notice is not required, given that (1) the putative class is not certified under Rule 23; (2) the Parties do not propose class certification for the purposes of settlement; (3) absent putative class members did not receive any prior class notice; and (4) it is unlikely absent putative class members would have relied on the existence of this class action in failing to prosecute litigation on their own behalf;

WHEREAS, upon dismissal of the class claims, Plaintiffs' Counsel need no longer serve as Interim Class Counsel and the Parties agree such appointment should end;

WHEREAS, the University preserves all rights and defenses in these and all other cases.  That is, this stipulation is made without waiving any immunities, defenses, objections, exceptions, or obligations that may exist in the University's favor, including, without limitation, those raised in its motion to dismiss.

THEREFORE, the Parties hereby stipulate and agree that the class claims shall be dismissed without prejudice to any putative class member's individual claims, and request that the Court so order. The Parties further stipulate and agree that Plaintiffs' individual claims shall not be dismissed pursuant to this stipulation.

The Parties request that the Court dismiss the Plaintiffs' class claims without a hearing or class notice. The Parties further request that the Court end Plaintiffs' Counsel's appointment as Interim Class Counsel.

| | |
|---|---|
| Dated: November 8, 2022 | SO STIPULATED |
| /s/ E. Powell Miller (by consent)<br>E. Powell Miller (P39487)<br>Sharon S. Almonrode (P33938)<br>THE MILLER LAW FIRM, P.C.<br>950 W. University Dr., Suite 30<br>Rochester, MI 48307<br>(248) 843-0997<br>(248) 652-2852<br>Email: epm@millerlaw.com<br>Email: ssa@millerlawpc.com | /s/ Stephen J. Cowen (by consent)<br>Stephen J. Cowen (P82688)<br>Amanda K. Rice (P80460)<br>Andrew J. Clopton (P80315)<br>JONES DAY<br>150 W. Jefferson Avenue<br>Detroit, MI 48226<br>Telephone: (313) 733-3939<br>scowen@jonesday.com |
| Jonathan D. Selbin<br>Annika K. Martin<br>Patrick I. Andrews<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>250 Hudson Street, 8th fl.<br>New York, NY 10013<br>(212) 355-9500<br>Email: akmartin@lchb.com<br>Email: jselbin@lchb.com<br>Email: pandrews@lchb.com | Matthew E. Papez<br>JONES DAY<br>51 Louisiana Avenue, N.W.<br>Washington, D.C. 20001<br>(202) 879-3939<br>mpapez@jonesday.com |
| Joseph Sauder<br>SAUDER SCHELKOPF LLC<br>1109 Lancaster Avenue<br>Berwyn, PA 19312<br>(888) 711-9975<br>Email: jgs@sstriallawyers.com | Jack Williams<br>Jennifer L. Weizenecker<br>Holly M. Boggs<br>JONES DAY<br>1221 Peachtree Street, N.E.<br>Suite 400<br>Atlanta, GA 30361<br>(404) 521-3939<br>jmwilliams@jonesday.com<br><br>Counsel for the Defendant |
| Counsel for Plaintiffs | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| JOHN DOE and RICHARD ROE<br><br>    Plaintiff,<br><br>v.<br><br>UNIVERSITY OF MICHIGAN, and THE REGENTS OF THE UNIVERSITY OF MICHIGAN,<br><br>    Defendants. | Case No.: 3:20-cv-10629-VAR-EAS<br><br>Hon. Victoria A. Roberts<br>Hon. Elizabeth A. Stafford |

## ORDER DISMISSING CLASS CLAIMS PURSUANT TO FRCP 41(a)

The Court reviewed the Stipulation to Dismiss Class Claims. The Court finds that the requested dismissal will not prejudice members of the putative class and that no notice need be given to putative class members pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

Based on these findings, the Court Orders:

1.   All claims asserted on behalf of the putative class are dismissed pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, without prejudice to the rights of the putative class members.

2.   Plaintiffs' individual claims are not dismissed.

3.	The University preserves all rights and defenses in this case and all others. That is, this order does not waive any immunities, defenses, objections, exceptions, or obligations that may exist in the University's favor, including, without limitation, those raised in its motion to dismiss.

4.	The Order appointing Plaintiffs' Counsel as Interim Class Counsel (ECF No. 25) is vacated as moot.

IT IS ORDERED.

s/ Victoria A. Roberts<br>Hon. Victoria A. Roberts<br>United States District Judge

Dated: 11/8/2022